UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No.: 3:20-CR-43-KAC-JEM-2 |
| ANTHONY D. BROWN, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**
**OVERRULING DEFENDANT'S OBJECTIONS**

Before the Court is Defendant Anthony D. Brown's "Appeal from Report and Recommendation Denying Medical Furlough" [Doc. 171], which raises objections to the Report and Recommendation of Magistrate Judge Jill E. McCook (the "Report") [Doc. 165]. In the Report, Judge McCook recommended "that the Defendant remain detained pending sentencing" and the Court deny Defendant Brown's "Motion for Release Pending Sentencing" [Docs. 125; 165 at 2]. The Court agrees. Accordingly, the Court **ACCEPTS** the relevant portions of the Report [Doc. 165], **OVERRULES** Defendant Brown's objections to the Report [Doc. 171], and **DENIES** Defendant Brown's "Motion for Release Pending Sentencing" [Doc. 125].

**I. Background**

On June 16, 2020, an Indictment charged Defendant Brown with two (2) counts [Doc. 36]. Count One charged Defendant Brown with conspiring to distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Doc. 36 at 1]. Count Two charged Defendant Brown with possessing with intent to distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled

substance, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A) [*Id.* at 1-2]. On August 19, 2022, Defendant Brown pled guilty to Count One of the Indictment [Doc. 119].

On September 20, 2022, Defendant Brown filed a "Motion for Release Pending Sentencing" [Doc. 125]. The Court referred that Motion to Judge McCook for her consideration and determination or report and recommendation [Doc. 132]. After holding a hearing, Judge McCook issued the Report on January 31, 2023 [Doc. 165]. Judge McCook assessed Defendant's "Motion for Release Pending Sentencing" under the factors listed in 18 U.S.C. § 3142(g) [Doc. 165 at 6]. Judge McCook also assessed whether Defendant Brown showed "clear evidence of exceptional reasons why he should not be detained" pursuant to 18 U.S.C. § 3145(c) [Doc. 165 at 11]. Judge McCook determined that "Defendant Brown has failed to demonstrate that he is not a flight risk or a danger and has failed to show an exceptional reason why mandatory detention should not apply" [*Id.* at 12]. On February 7, 2023, Defendant Brown filed the instant "Appeal from Report and Recommendation Denying Furlough," objecting to the Report [Doc. 171]. The United States did not respond to Defendant Brown's objections to the Report.

II. Analysis

Under 28 U.S.C. § 636(b)(1), a "judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a timely objection is made under Section 636(b)(1)(C) and that objection is not "frivolous, conclusive[,] or general," *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [the] objection is made," 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b)(3) ("[a] district judge must consider de novo any objection to the magistrate judge's recommendation.").

The Court will address each of Defendant Brown's objections in turn. First, Defendant Brown claims that the Report "lists several factors cited as reasons for continued detention" but "since there is no evidence of actual prior violent behavior or actual flight from prosecution, the conclusions are based only on presumptions, some being the same facts that" created a rebuttable presumption as to Defendant Brown's detention under 18 U.S.C. § 3142(e)(2) [Doc. 171 at 1]. This objection does not accurately describe Judge McCook's legal analysis. As 18 U.S.C. § 3142(e) requires, Judge McCook determined that "a rebuttable presumption applies in this case . . . that no condition or combination of conditions will reasonably assure the Defendant's appearance or the safety of the community" [Doc. 165 at 6]. Judge McCook then concluded that Defendant Brown rebutted this presumption [*Id.* at 7]. Thereafter, she properly considered this presumption as just one factor in the Section 3142(g) analysis [Doc. 165 at 7]. *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Judge McCook then assessed the Section 3142(g) factors based on the record before her [*See* Doc. 165 at 7-10]. So, she did not make her conclusions "based only on presumptions;" instead she astutely analyzed the Section 3142(g) factors, none of which require "evidence of actual prior violent behavior or actual flight from prosecution" [Doc. 171 at 1]. *See* 18 U.S.C. § 3142(g). Therefore, the Court overrules this objection.

Second, Defendant Brown "asks the Court to consider how many previous defendants placed under these conditions have committed crimes or fled to assess the real risk or percent chance this Defendant will do the same" [Doc. 171 at 2]. Defendant Brown argues "that the true percentage of previous problems with other defendants while on release would cause a presumption that the odds of the Defendant reoffending or fleeing are low" [*Id.*]. But Defendant Brown failed to produce evidence on the record to support his argument [*See id.*]. And the Court does not, and cannot, rely on unsupported assertions or presumed data. Therefore, the Court

3

overrules this objection. Further, the Report properly considered and weighed the Section 3142(g) factors regarding dangerousness and risk of flight.

Third, Mr. Brown objects to Judge McCook's determination that Defendant Brown's medical circumstances do not constitute "exceptional reasons" why Defendant' Brown's detention is inappropriate under 18 U.S.C. § 3145(c) [Doc. 171 at 2-3]. But even if "exceptional reasons" did exist under 18 U.S.C. § 3145(c), Defendant Brown must remain detained because he has not shown by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community.

### III. Conclusion

Accordingly, the Court **OVERRULES** Defendant Anthony D. Brown's "Appeal from Report and Recommendation Denying Medical Furlough" [Doc. 171], **ADOPTS** the relevant portions of the "Report and Recommendation" of Magistrate Judge Jill E. McCook [Doc. 165], and **DENIES** Defendant's "Motion for Release Pending Sentencing" [Doc. 125].

IT IS SO ORDERED.

s/ Katherine A. Crytzer  
KATHERINE A. CRYTZER  
United States District Judge