UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:20-CR-43-KAC-JEM-2 |
| ANTHONY D. BROWN, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Defendant Anthony Brown (2) filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) [Docs. 187, 188]. Because the relevant factors in 18 U.S.C. § 3553(a) do not support the relief requested, the Court denies the Motion.

**I.  Background**

On April 7, 2020, law enforcement "discovered approximately 3.5 kilograms of pure methamphetamine" in a "vehicle" Defendant was riding in [Doc. 116 ¶ 5(a)]. Defendant had agreed with others to distribute those drugs [*See id.*]. On August 18, 2022, he pled guilty to possessing with the intent to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [*See* Docs. 116, 119]. Defendant was subject to a statutory mandatory minimum 120-month term of imprisonment [*See* Doc. 116 ¶ 3(a)]. Under Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant and the United States agreed that a 120-month term of imprisonment was the appropriate disposition of the case [*See* Doc. 116 ¶ 7]. The Court agreed too, sentencing Defendant to 120-months' imprisonment [Doc. 179 at 2]. Defendant's expected release date is January 2029 [*See* Doc. 189 at 1].

1

Defendant moves the Court to reduce his 120-month sentence under 18 U.S.C. § 3582(c)(1)(A)(i) [Docs. 187, 188]. In support, Defendant argues that a "possible cancerous tumor in the occipital region of his head" and the Bureau of Prisons's "inaction in confirming and treating" that condition, warrants relief [*See* Doc. 187 at 4-5 (emphasis omitted)]. Defendant further argues that "should the Court grant the requested relief," he "will not be a danger to the community" because, among other reasons, he has "completed several courses aimed at reducing his chance of recidivism" [*See id.* at 5, 32-35].

The United States opposes, noting that Defendant was subject to a statutory minimum sentence of 120 months and has served less than half of that term [*See* Doc. 189 at 5]. It also notes that Defendant "has incurred disciplinary sanctions on four occasions" while incarcerated [*Id.*]. And each of those infractions were for the "greatest severity level prohibited act" [*Id.* (cleaned up)]. It also represents that the Bureau of Prisons continues to assess Defendant as "a medium risk of recidivism" [*Id.*].

II.  **Analysis**

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(1)(A) provides narrow circumstances under which the Court may reduce an incarcerated individual's sentence. As a threshold matter, the individual must exhaust his administrative rights. *See* 18 U.S.C. § 3582(c)(1)(A). If that threshold requirement is met, a district court may reduce a sentence where the Court finds that (1) "extraordinary and compelling reasons warrant a sentence reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the factors in 18 U.S.C. § 3553(a), to the extent they apply, support a reduction. *United States v. Elias*, 984 F.3d

516, 518 (6th Cir. 2021) (internal quotations omitted). The Court "may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others." *Id.* at 519.

Because consideration of the Section 3553(a) factors is dispositive,[1] the Court begins and ends its analysis there. Defendant is serving a statutorily-mandated 120-month term of imprisonment for a serious drug offense. To date, he has served only a fraction of that sentence. Reducing his sentence at this point would run the risk of creating an unwarranted sentencing disparity with similarly-situated defendants. *See* 18 U.S.C. § 3553(a)(6). Further, given Defendant's history of serious infractions in prison, the selected sentence remains necessary to afford adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B). And Defendant's medium risk of recidivism shows that his current sentence remains necessary to protect the public from any future crimes. *See id.* at § 3553(a)(2)(C). Defendant should continue to participate in programming that will help to reduce his risk of recidivism. But at this time, after considering the relevant Section 3553(a) factors, a modification of his sentence is not appropriate.

Because the Section 3553(a) factors do not support a reduction of Defendant's sentence, the Court need not specifically address the other prerequisites listed in Section 3582(c)(1)(A). *See Elias*, 984 F.3d at 519. Accordingly, the Court **DENIES** Defendant's Motion [Docs. 187, 188].

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge

---

[1] It appears that Defendant has satisfied the threshold exhaustion requirement [*See* Doc. 187 at 7].